**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

RSC

Original Decision Mailed: April 2, 2021
Redesignation Mailed:  June 1, 2022

Opposition No. 91248894

*Saber Interactive Incorporated*

*v.*

*Oovee Ltd*

## By the Trademark Trial and Appeal Board:

The Board has chosen to redesignate the decision issued on April 2, 2021 as a precedent. A copy of the decision, bearing such a designation, is attached.

The decision that issued on April 2, 2021 is also corrected as follows: page 2, second citation after the second sentence of the second paragraph, "W. *Worldwide Enters. Grp. Inc.*" has been changed to *"W. Worldwide Enters. Grp. Inc."*; page 3, citation after fourth sentence of the first paragraph, "§§ 1901(c) and (d)" has been changed to "§§ 1904.01(c) and (d)".

THIS DECISION IS A
PRECEDENT OF THE
TTAB

RSC

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

April 2, 2021

Opposition No. 91248894

*Saber Interactive Incorporated*

*v.*

*Oovee Ltd*

**Before Cataldo, Adlin, and Johnson,
Administrative Trademark Judges.**

**By the Board:**

Applicant, Oovee Ltd, seeks to register the standard character mark SPINTIRES for computer game programs and software, in International Class 9.[1] The subject application is based on a request for extension of protection under Section 66(a) of the Trademark Act, 15 U.S.C. § 1141f. Opposer, Saber Interactive Incorporated, filed its amended notice of opposition on August 16, 2019.[2] In its answer to the amended notice of opposition Applicant denies the salient allegations and asserts numerous affirmative defenses.

---

[1] Application Serial No. 79248677, filed on November 15, 2018.
[2] 7 TTABVUE.

This proceeding now comes before the Board for consideration of Applicant's motion for summary judgment on the basis that Opposer is not entitled to a statutory cause of action.[3] The motion is fully briefed. However, we do not reach the motion.

Because Opposer's pleading is before us as a result of Applicant's motion for summary judgment we exercise our discretion to review Opposer's claims to determine their legal sufficiency. *See* Fed. R. Civ. P. 56(a); *Asian & W. Classics B.V. v. Selkow*, 92 USPQ2d 1478, 1480 (TTAB 2009). The Board has the authority to strike an impermissible or insufficient claim from a pleading. *Finanz St. Honore, B.V. v. Johnson & Johnson*, 85 USPQ2d 1478, 1480 (TTAB 2007); *W. Worldwide Enters. Grp. Inc. v. Qinqdao Brewery*, 17 USPQ2d 1137, 1139 (TTAB 1990); *see also* TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE ("TBMP") § 506.01 (2020).

When, as here, an application is a request for extension of protection of an international registration under Section 66(a), an opposer's possible claims must be listed on the ESTTA filing form. Trademark Rule 2.104(c), 37 C.F.R. § 2.104(c); *see also CSC Holdings LLC v. SAS Optimhome*, 99 USPQ2d 1959, 1963 (TTAB 2011). An opposition against an application filed under Section 66(a) may not be amended to add an entirely new claim. Trademark Rule 2.107(b), 37 C.F.R. § 2.107(b); *see also O.C. Seacrets, Inc. v. Hotelplan Italia S.p.A.*, 95 USPQ2d 1327 (TTAB 2010).

---

[3] Board decisions have previously analyzed the requirements of Sections 13 and 14 of the Trademark Act, under the rubric of "standing". Despite the change in nomenclature, our prior decisions and those of the Court of Appeals for the Federal Circuit interpreting Sections 13 and 14 remain applicable. *See Spanishtown Enters., Inc. v. Transcend Res., Inc.*, 2020 USPQ2d 11388 at *2 (TTAB 2020).

The only claim listed on the ESTTA form submitted with Opposer's original pleading, and the only claim asserted in its amended pleading, is nonownership under Section 1 of the Trademark Act, 15 U.S.C. § 1051.[4] "Ownership of a mark arises through use of the mark," therefore a claim based on lack of ownership is not available when the application is not based on use of the mark in commerce. *Hole In 1 Drinks, Inc. v. Lajtay*, 2020 USPQ2d 10020, *5 (TTAB 2020) (application based on intent to use under Section 1(b) of the Trademark Act, 15 U.S.C. § 1(b)); *see also Norris v. PAVE*, 2019 USPQ2d 370880 (TTAB 2019). Here, the application is a request for extension of protection of an international registration under Section 66(a). Such requests are not based on use but rather on an international registration owned by the applicant and a bona fide intention to use the mark in commerce. *See* TRADEMARK MANUAL OF EXAMINING PROCEDURE ("TMEP") §§ 1904.01(c) and (d) (Oct. 2018). Accordingly, a claim based on lack of ownership is not available against Applicant's subject Section 66(a) application.

Since Opposer's sole claim is not available the opposition is **dismissed with prejudice**.[5]

---

[4] 1 TTABVUE 1.

[5] In view thereof, Applicant's motion for summary judgment is moot and will receive no further consideration.